NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0597n.06
Filed: August 20, 2007

Case No. 06-6311

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| ROBERT REED CAMPBELL, | ) | DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| _____ | ) | |

BEFORE: MARTIN, BATCHELDER, and CLAY, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** Defendant Robert Reed Campbell ("Campbell"), acting *pro se*, appeals from the district court's order granting the government's motion for leave to enroll him in the Treasury Offset Program ("TOP"). Campbell argues that the court failed to consider his financial situation prior to enrolling him in the TOP and that his enrollment in the TOP violates his constitutional rights. Finding no merit in these arguments, we **AFFIRM** the district court's order.

### I.

In 1999, Campbell stole checks from the mail, deposited these stolen checks into his bank account, and deposited other counterfeit checks at various federally insured banks. After the authorities uncovered this fraudulent scheme, Campbell pled guilty to one count of stealing mail in violation of 18 U.S.C. § 1708. In May 2001, the district court sentenced him to a term of

imprisonment, three years of supervised release, and $145,000 in restitution. Campbell appealed his sentence, and we affirmed. After his release from prison, Campbell filed a motion to terminate his supervised release. The district court denied this motion and, in accordance with the court's prior judgment, ordered Campbell to make $100 restitution payments each month. Campbell appealed the denial of his motion, which we affirmed in July 2006.

In August 2006, the government filed a motion for leave to enroll Campbell in the Treasury Offset Program. The TOP is a collection program in which, for the purpose of repaying debts owed by an individual to the United States or a non-federal victim of a crime for which the United States has collection responsibility, the United States Department of Treasury offsets any federal disbursement due to that individual. The government did not state what sort of federal disbursements it was seeking to offset, although its motion indicated that "[i]ndividual tax refunds . . . are the 'federal disbursements' most often intercepted and redirected by the TOP." Campbell, acting *pro se*, objected to the government's motion, stating:

> [Campbell] does not believe the Treasury Office will forward any . . . refunds because of amount of money owed; therefore, the Motion requested by the U.S. Attorney's [sic] is a waste of taxpayers [sic] money and a waste of the Court's system as no justice or any type of relief would be of benefit to the Court.

Rejecting these arguments, the district court granted the government's motion for leave to enroll Campbell in the TOP, and Campbell filed a notice of appeal to this court.

## II.

Campbell, continuing in his *pro se* capacity, presents two arguments on appeal. First, he contends that the district court, when ordering his enrollment in the TOP, erred by not considering his "financial resources, financial earning capacity[,] and . . . need[] for future living expenses."

2

Second, he alleges that his enrollment in the TOP violates the Double Jeopardy Clause of the Fifth Amendment and the Eighth Amendment's prohibition against cruel and unusual punishment.

Campbell did not present either of these arguments to the district court. We therefore hold that he has waived his right to bring these claims on appeal. *See United States v. Blair*, 214 F.3d 690, 697 (6th Cir. 2000) (finding that the defendants waived their right to assert an argument on appeal because they failed to present that argument to the district court).

Even if Campbell had preserved these arguments for appeal, we would hold that they are without merit. Campbell has not presented, and we have not found, any legal authority to support his first argument, namely, that a district court is required to consider a defendant's financial resources prior to enrolling him in the TOP. Campbell's proffered legal authority instead indicates that a district court, when imposing *nonmandatory* restitution, must consider the defendant's financial resources prior to ordering restitution. *See United States v. Durham*, 755 F.2d 511, 514-15 (6th Cir. 1985); 18 U.S.C. § 3663(a)(1)(B)(i)(II). *Cf. United States v. McDaniel*, 398 F.3d 540, 554 (6th Cir. 2005) (noting that when a court imposes *mandatory* restitution, the defendant's "purported inability to pay does not impact the amount of restitution he must pay"). Even assuming Campbell was sentenced to nonmandatory restitution — which is not at all clear from the record — this case law does not apply here because Campbell is challenging the court's order enrolling him in the TOP, not the court's original judgment order requiring him to pay restitution. Simply put, there is no legal authority requiring a district court to evaluate a defendant's financial situation prior to enrolling him in the TOP. Moreover, to the extent Campbell is challenging the requirement that he pay restitution, he has long since missed his opportunity to raise this argument, which he needed to assert by way of objection at sentencing and in his first appeal from the court's original judgment order in 2001.

3

We move next to Campbell's second argument in which he asserts that his enrollment in the TOP violates the Double Jeopardy Clause of the Fifth Amendment and Eighth Amendment's prohibition against cruel and unusual punishment. The Double Jeopardy Clause applies when the government has already imposed a criminal penalty against a defendant and "seeks to impose additional punishment in a second proceeding." *United States v. Husein*, 478 F.3d 318, 338 (6th Cir. 2007). The Double Jeopardy Clause does not apply here because the government has not instituted a second proceeding against Campbell and is not seeking to impose any additional punishment against him. The court had already ordered Campbell to pay $145,000 in restitution, and his enrollment in the TOP does not increase this punishment, but merely provides another means by which the government can enforce the already-imposed restitution order. Campbell's Eighth Amendment claim also lacks merit. The Eighth Amendment prohibits the government from imposing "cruel and unusual punishments" against defendants. *Roper v. Simmons*, 543 U.S. 551, 560 (2005). Campbell has failed to indicate anything cruel and unusual about his enrollment in the TOP and, as previously noted, his enrollment in the TOP does not even constitute "punishment." We therefore find that the Eighth Amendment is not implicated — much less violated — under these circumstances.

**III.**

We accordingly **AFFIRM** the district court's order granting the government's motion for leave to enroll Campbell in the Treasury Offset Program.